# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KOPPERS INDUSTRIES, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 20-0588** (BOR Appeal No. 2055231)
                            (Claim No. 2019003899)

**ROGER SNODERLY,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Koppers Industries, Inc., by Counsel Michael S. Faber, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is compensability. The claims administrator rejected the claim on August 29, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 7, 2020, Order. The case was remanded by the Board of Review on July 14, 2020, with instructions to issue a new time frame Order to allow for further development of the evidentiary record.

The Court has carefully reviewed the records, written argument, and appendix contained in the brief, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

---

[1]A response was not filed.

1

. . . .

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Snoderly, a mechanic, alleges that he developed occupational pneumoconiosis in the course of his employment. An Occupational Lung Disease Evaluation was completed at East Ohio Regional Hospital on November 30, 2017. Mr. Snoderly reported shortness of breath. He had a smoking history from 1966 to 1982. Mr. Snoderly had worked for the employer since 1973. He stated that he worked on a lot of lines containing asbestos, and he often had to remove asbestos insulation from the pipes. Mr. Snoderly stated that he also worked around asbestos installations on a daily basis. Mr. Snoderly noted that he suffered a collapsed lung in 1990. Pulmonary function studies showed no obstruction or restrictions. Mr. Snoderly had a mild decrease in diffusion capacity. The chest x-ray was read as showing a 1/1 degree of profusion, which is consistent with pneumoconiosis. The final assessment was 30% impairment. An Itemized Statement of Earnings from the Social Security Administration indicates Mr. Snoderly worked for the employer from 1989 through 2011. The claims administrator rejected the claim on August 29, 2018.

Mr. Snoderly testified in an October 11, 2018, deposition that he began smoking cigarettes in the mid-1960s and stopped in 1982. Mr. Snoderly stated that he retired in September of 2011. At that time, he was working in the storeroom and as an auto mechanic. He was not exposed to dust while he was in the storeroom, but he spent the majority of his time doing auto work. Mr. Snoderly testified that he worked for Williamson Shaft as a laborer in 1971 and was exposed to rock dust. He did not wear a respirator. Mr. Snoderly stated that he worked at Koppers from 1973 to 2011. During that time, he worked as a kiln man, a maintenance worker, and a helper in the steel area. Mr. Snoderly testified that the majority of his time was spent as a mechanic. He got a respirator in the early 1990s and used only a dust mask before then. Mr. Snoderly stated that he worked as a steel helper for about six months before retiring. He was not exposed to dust in that position. Mr. Snoderly noted that the only respiratory treatment he received prior to filing this claim was when his lung collapsed years prior. Mr. Snoderly testified that he did not remember having breathing problems. He was diagnosed with asbestosis after he got dizzy in late 2005 and sought treatment. He was admitted to the hospital that day and was advised to get his lungs checked

out because x-rays showed significant damage. Mr. Snoderly was evaluated at East Ohio Regional Hospital and was diagnosed with 30% lung impairment. Mr. Snoderly stated that he was on no medication for breathing issues. Mr. Snoderly testified that the only time he recalled being exposed to asbestos was when he was a maintenance worker and a steel man. Hoses would get plugged up, and Mr. Snoderly would have to steam the insulation around them. This happened many times and caused a lot of dust. Mr. Snoderly stated that he sometimes wore a dust mask if it was available, but he did not wear a respirator while performing this job. At the time, he did not know that the insulation was made of asbestos. The workers were informed of the asbestos in the 1990s, and it was removed in the early 2000s. Mr. Snoderly testified that twenty to twenty-five years of his employment was spent as a mechanic and he was exposed to dust, including asbestos dust, during that time. He had to remove asbestos insulation from pipes many times and often breathed in the dust this process created. Respirators were introduced late into his employment. Mr. Snoderly stated that after removing insulation, his clothing was covered in particles. While he was working as a mechanic, Mr. Snoderly was also exposed to chemicals and coal tar pitch while working on the pump bench. Mr. Snoderly stated that in order to clean pumps, he had to use a torch to burn the tar off. Mr. Snoderly stated that there was a small hose and fan to remove the black smoke this created from the room, but it was not very effective.

An Employee History Card indicates Mr. Snoderly was in the Army from 1967 to 1970. He was a driller for Williamson Shaft from February 1970 to October 1971. Mr. Snoderly worked as an electrician apprentice from October 1971 to May 1973. Mr. Snoderly began working for Koppers on May 15, 1973, and worked there until he retired.

The Office of Judges affirmed the claims administrator's rejection of the claim in its February 7, 2020, Order. In order to file a claim for occupational pneumoconiosis, the claimant must show that he or she was exposed to the hazards of occupational pneumoconiosis for not less than two years during the ten years preceding the date of last exposure or five of any of the fifteen years immediately preceding the date of last exposure. West Virginia Code § 23-4-1. Mr. Snoderly argued before the Office of Judges that the majority of the time that he worked for the employer, he worked as a maintenance worker. For approximately twelve of the last fifteen years of his employment, Mr. Snoderly asserts that he was exposed to asbestos dust while performing maintenance work. Mr. Snoderly argued before the Office of Judges that he was exposed to heavy amounts of asbestos as late as the mid-1990s, when he was working on pipes covered in asbestos insultation. Though it is outside of the last fifteen years of his employment, Mr. Snoderly asserted that given the latency period for the development of asbestos related diseases, it is more likely than not that such exposure contributed to his development of asbestosis. The Office of Judges found that during his last fifteen years of employment, Mr. Snoderly spent one year working in the storeroom and one to two years working on barges. Neither position exposed him to hazardous dust.

The employer argued before the Office of Judges that Mr. Snoderly testified that during the last fifteen years of his employment, he worked on the pump bench, in the storeroom, or on the barge and that he was not exposed to hazardous dust while working any of those positions. The employer noted that Mr. Snoderly asserted that he was exposed to asbestos while working on the pump bench because parts of the pumps contained asbestos. The employer argued that asbestos

was removed from the plant in the 90s and it is unlikely Mr. Snoderly was exposed after that time. The employer asserts that during the last fifteen years of Mr. Snoderly's employment, he was not exposed to asbestos dust as he alleged. Mr. Snoderly stated in his testimony that he was working on the pump bench by the 90s. After that, he was transferred to loading barges and then transferred to the storeroom and auto mechanic garage. Mr. Snoderly testified that he was not exposed to dust while working on the barge or while working in the storeroom. Mr. Snoderly also testified that the storeroom and pump bench were located in the same large, open building. The employer therefore argued that if Mr. Snoderly was not exposed to dust while working in the storeroom, he was not exposed to dust while working on the pump bench in the same open building. The Office of Judges concluded that the employer's argument was persuasive and affirmed the claims administrator's rejection of the claim.

The Board of Review remanded the case for the development of additional evidence. In its July 14, 2020, Order, the Board of Review found that Mr. Snoderly's date of last exposure was listed as September 30, 2011, the date that he retired. However, this date is incorrect because the evidence does not show that Mr. Snoderly was exposed to asbestos fibers and dust up until his retirement. Mr. Snoderly testified that he was exposed to asbestos fibers while working on the maintenance gang and working as a steel man. He was performing neither of those jobs at the time of his retirement. The Board of Review concluded that more information was necessary to determine the correct date of last exposure.

After review, we agree with the reasoning and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-1, in order to file a claim for occupational pneumoconiosis, a claimant must show that he or she was exposed to the hazards of occupational pneumoconiosis for not less than two years during the ten years preceding the date of last exposure or five of any of the fifteen years immediately preceding the date of last exposure. Therefore, in occupational pneumoconiosis claims, the date of last exposure is extremely important for establishing compensability. The evidence in this case clearly indicates that Mr. Snoderly was not exposed to asbestos dust or other hazards of occupational pneumoconiosis until the date he retired. In order to correctly evaluate Mr. Snoderly's application for occupational pneumoconiosis, an accurate date of last exposure must be established.

Affirmed.

**ISSUED: January 11, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

4